

RECEIVED CM

12/2/2021

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JORGE ALEJANDRO ROJAS, | Case No. **1:21-CV-06465** |
| *Plaintiff,* | |
| vs. | **COMPLAINT FOR DAMAGES** |
| SANCO BUSINESS SOLUTIONS LLC, | JUDGE VALDERRAMA |
| | MAGISTRATE JUDGE COLE |
| *Defendant.* | |
| | **RANDOM** |

Plaintiff, Jorge Alejandro Rojas, brings this action against Defendant Sanco Business Solutions LLC ("Sanco"), and alleges based on personal knowledge and information and belief, as follows:

**<u>INTRODUCTION</u>**

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

2. Plaintiff brings this action against Defendant for violations of the TCPA, 47 U.S.C. § 227, its implementing regulations, 47 C.F.R § 64.1200, the Illinois Telephone Solicitations Act

1

("ILTSA"), 815 ILCS 413, and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305.

3.  This case involves a campaign by Sanco, to obtain business via itself or affiliates making telemarketing calls, regarding credit repair services, despite not having the required consent to contact Plaintiff.

## JURISDICTION AND VENUE

4.  This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

5.  This Court has personal jurisdiction over Defendant as it regularly and systemically conducts business in the state of Illinois. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resides within this district and was within the district when the calls were made.

6.  This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

7.  Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

8.  Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

9.  Defendant Sanco Business Solutions LLC is a California Domestic LLC with its registered agent of Luz E. Amador located at the address of its principal executive officers of 9431 Haven Ave Ste 232 Rancho Cucamonga, CA 91730. Sanco Business Solutions LLC was operating "LimpiaMiCredito.com."

10. Defendant is a person as defined by 47 U.S.C. § 153(39).

2

11. Defendant acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

12. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

13. The TCPA regulates, among other things, the use of automated dialing systems.

14. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

15. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity (A) To store or produce telephone numbers to be called using a random or sequential number generator; and (B) To dial such numbers.

16. The TCPA provides a private cause of action to persons who receive such calls. *See* 47 U.S.C. § 227(b)(3).

17. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that: [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone

3

number the consumer designates.[] In addition, the written agreement must be obtained

"without requiring, directly or indirectly, that the agreement be executed as a condition of

purchasing any good or service.[]"

In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991,

27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

18.   The TCPA applies to the "initiation of a telephone call or message for the purpose of

encouraging the purchase or rental of, or investment in, property, goods, or services, which

is transmitted to any person." 47 U.S.C. § 227(a)(4).

19.   In Illinois, the Automatic Telephone Dialers Act ("ATDA") prohibits "play[ing] a

prerecorded message placed by an autodialer without the consent of the called party". 815

ILCS 305/30(b).

20.   In Illinois, an Autodialer "means any telephone dialing or accessing device, machine,

computer or system capable of storing telephone numbers which is programmed to

sequentially or randomly access the stored telephone numbers in order to automatically

connect a telephone with a recorded message, the term does not include any device

associated with a burglar alarm system, voice message system or fire alarm system." 815

ILCS 305/5.

21.   In Illinois, the ATDA prohibits the operation of an auto dialer in a manner that impedes

Caller ID. 815 ILCS 305/15.

22.   In Illinois, the ATDA provides a private right of action of $500 per violation. 815 ILCS

305/30.

**FACTUAL ALLEGATIONS**

4

23. At all times relevant hereto, Plaintiff maintained and used a residential telephone line, with phone number (424) XXX-1582.

24. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

25. Plaintiff is the account holder and customary user of his phone number.

26. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008. **Exhibit 1.**

27. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

28. Defendant claims it "provides working capital and merchant services to small and medium sized businesses as [it's] primary focus. [It's] call center services continue to expand. [It's] nearshore call center provides customer service as well as lead screening with experience primarily in the mortgage sector." LinkedIn of Eduardo Sandoval, CEO of Sanco. https://www.linkedin.com/in/eduardo-sandoval-b9740113/ (last visited December 2, 2021).

29. Defendant's Twitter states it provides call center and telemarketing services. https://twitter.com/sancobusiness (last visited December 2, 2021).

30. **Call 1.** On December 2, 2021, at 4:37 PM Chicago Time, Plaintiff received a telephone call from a phone number of 760-854-7166. **Exhibit 2.**

31. When Plaintiff picked up the phone, he heard a beep, followed by a pause, followed by someone on the other end stating their name was "Marco" who worked for "Impacto Hispano." The conversation was in Spanish, and Marco stated that they had called in the past, and that they wanted to discuss credit repair services.

32. Plaintiff, interested in the services, was connected eventually to a "Efren Lugo" who stated he worked for "LimpiaMiCredito."

33. Between the time Marco connected Plaintiff to Efren, hold music was playing, and Marco cited technical difficulties with the transfer. Each time he would re-attempt the transfer, Plaintiff would receive another phone call on call waiting.

34. Call 1 lasted 14 minutes.

35. **Call 2.** While Call 1 was in progress and Marco was attempting to transfer Plaintiff, Plaintiff received a call from an Unknown Caller with no Caller ID, at 4:39 PM Chicago Time. **Exhibit 3.**

36. **Call 3.** While Call 1 was in progress and Marco was attempting to transfer Plaintiff, Plaintiff received a call from 424-371-6409 with no Caller ID, at 4:43 PM Chicago Time. **Exhibit 4.**

37. Each of the three above calls were made by Defendant for the purpose of soliciting their services of credit repair or credit consolidation.

38. Marco admitted during Call 1 that previous calls were made.

39. Defendant masked its telephone number to not reveal its true telephone number.

40. During Call 1, Plaintiff had Defendant send Plaintiff an email with their contact information. **Exhibit 5.**

41. The email that came identified a company website of "limpiamicredito.com" which at the time of the email was not in operation, and Efren stated that it would be fixed the next day.

42. Efren later emailed Plaintiff a copy of its Facebook page URL. **Exhibit 6.**

43. When Plaintiff asked Efren why the email domain was coming from "Sanco," Efren stated that Sanco was the call center where the calls were being made from.

44. After the calls were completed, Plaintiff re-dialed the 760-854-7166 phone number that called him, where he was met with a greeting that said "Thanks for your patience" followed by hold music indefinitely. Defendant forged its caller ID.

45. After the calls were completed, Plaintiff re-dialed the 424-371-6409 phone number that called him, where he was met with the interactive prompts for an apartment complex he is not and has never been associated with. Defendant forged its caller ID.

46. To the extent the individual or organization that called Plaintiff, prior to connecting him to Efren, is not a Sanco employee, Plaintiff alleges liability against that entity as well, although Sanco is also directly and vicariously liable for the call.

47. Plaintiff alleges that Defendant trains its affiliates to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

48. Defendant's calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

49. Defendant's phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

50. Plaintiff did not have a prior business relationship with the affiliate.

51. Defendant did not have any consent to call Plaintiff.

52. Defendant is not an organization exempt from the TCPA.

53. Defendant's calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

54. Defendant's calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

55. Upon information and belief, Plaintiff received additional calls from Defendant and its affiliates not included above.

56. Defendant's made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's telephone caller

7

identification ("Neighbor Spoofing"). Neighbor Spoofing is done as a way to deceive the called party into believing the telemarketer is a local person or business, increasing the likelihood that the telemarketing call will be answered.

57. The impersonal and generic nature of Defendant's calls demonstrate that Defendant utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the calls.

58. In total, Defendant and/or its affiliates placed at least four (4) telephone solicitation calls to Plaintiff. Specifically, the three identified above, plus at least one additional one which Marco stated took place.

59. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendant.

60. Defendant has a pattern and/or practice of failing to comply with the TCPA, the IL Telephone Solicitations Act, and the IL Automatic Telephone Dialers Act.

61. The foregoing acts and omissions were in violation of the TCPA, the Illinois Telephone Solicitations Act, and the Illinois Automatic Telephone Dialers Act.

62. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

63. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

8

64. The acts and omissions of Defendant constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

65. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

66. Plaintiff is also entitled to an award of costs.

67. Defendant's calls were not made for "emergency purposes."

68. Defendant's calls to Plaintiff were made without any prior express written consent.

69. Defendant contacted Plaintiff even though Plaintiff was on the Do Not Call Registry, another violation of the TCPA and its implementing regulations.

70. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

71. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

72. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

73. Plaintiff, in discovery will better identify how many telephone calls were made by Defendant and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

## **COUNT 1.**
### Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

74. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

75. Defendant or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least four (4) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

76. Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(b)(3)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each.

77. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $6,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.
### Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)

78. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

79. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

80. Defendant called Plaintiff's telephone at least four (4) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendant's calls, in violation of 47 C.F.R. § 64.1200(c)(2).

81. Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(c)(5)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each of the four (4) telephone calls.

82. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $6,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 3.
### Violations of The Illinois Telephone Solicitations Act, 815 ILCS 413

83. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

84. The Illinois Telephone Solicitations Act, inter alia, prohibits the making of a call in a manner which impedes the function of caller ID. 815 ILCS 413/15(c).

85. The Illinois Telephone Solicitations Act allows for the recovery of three times the actual damages assessed for a violation of the Act.

86. Each call Defendant made impeded the function of caller ID by utilizing a fake or blocked phone number.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of three times actual damages plus costs and any other remedy deemed appropriate.

## COUNT 4.
### Violations of the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305

11

87. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

88. Defendant did not have the consent of Plaintiff to call him using a system capable of performing the functions of an autodialer.

89. Nonetheless, Defendant or one of its affiliates or vendors did.

90. The ATDA allows for the recovery of statutory damages of $500 per call.

91. Defendant violated the ATDA each time it called Plaintiff, for a total of four (4) times.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $2,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 5.
### Violation concerning Policies Related to Telemarketing, 47 C.F.R. § 64.1200(d)

92. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

93. The TCPA's implementing regulations require that callers have written policies, train people engaged in telemarketing, maintain proper records, and properly identify themselves.

94. Defendant violated this provision by failing to properly train its employees concerning the consent required for telemarketing calls, and for failing to properly identify themselves during the initial telephone call. Specifically, Marco stated he worked for "Impacto Hispano" but instead was working on behalf of Sanco.

95. Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C. § 227(c)(5)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for the telephone call Plaintiff answered.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $500.00 plus costs and any other remedy deemed appropriate.

### COUNT 6.
### Violation concerning ring count, 47 C.F.R. § 64.1200(a)(6)

96. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

97. The TCPA's implementing regulations prohibit the disconnection of an unanswered telemarketing call prior to 15 seconds or 4 rings. 47 C.F.R. § 64.1200(a)(6).

98. Defendant's Calls 2 and 3, made during the course of Call 1, which were made while Marco was connecting the call to Efren, were disconnected before 15 seconds or 4 rings.

99. Defendant therefore violated this regulation of the TCPA at least twice, which entitles Plaintiff to $500 per violation.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendant, in an amount of $1,000.00 plus costs and any other remedy deemed appropriate.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendant, in an amount to be more fully determined at trial, but at least $15,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C).

D. Statutory damages of $500.00 per call for each and every violation pursuant to 47 U.S.C. § 227(c)(5)(B);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

F. Triple actual damages under the Illinois Telephone Solicitations Act for impeding the function of caller identification;

G. Statutory damages of $500 per call for violation of the Illinois Automatic Telephone Dialers Act;

H. Statutory damages of $500 per call in violation of 47 C.F.R. § 64.1200(d);

I. Statutory damages of $500 per call in violation of 47 C.F.R. § 64.1200(a)(6);

J. All reasonable attorneys' fees, witness fees, court costs, interest, and other litigation costs incurred by Plaintiff;

K. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

L. Leave to amend this Complaint to conform to the evidence presented at trial; and

M. Any other relief this Court deems proper.

Respectfully submitted,

Dated: December 2, 2021

/s/ Jorge Alejandro Rojas

Jorge Alejandro Rojas
557 Cambridge Way
Bolingbrook, IL 60440
Rojas.jorge96@gmail.com
424-219-1582
Plaintiff in *Pro Se*

14

# EXHIBIT 1

# EXHIBIT 1

Case: 1:21-cv-06465 Document #: 1 Filed: 12/02/21 Page 16 of 27 PageID #:16

 Gmail

Jorge Rojas <rojas.jorge96@gmail.com>

## National Do Not Call Registry - Your Registration Is Confirmed

**Verify@donotcall.gov** <Verify@donotcall.gov>
Fri, Jun 18, 2021 at 12:15 PM
To: rojas.jorge96@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1582 on January 18, 2008. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# **EXHIBIT 2**

# **EXHIBIT 2**



< Recents



# Scam Likely

+1 (760) 854-7166
Palo Verde, CA

    

message | call | video | mail | pay

**Today**

16:37 **Incoming Call**
14 minutes

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

    

# **EXHIBIT 3**

# **EXHIBIT 3**

< Recents



# Unknown Caller

unknown


message


call


video


mail


pay

Today

16:39 **Missed Call**


Favorites


Recents


Contacts


Keypad


Voicemail 134

# EXHIBIT 4

# EXHIBIT 4




# +1 (424) 371-6409

Los Angeles, CA

    

message   call   video   mail   pay

Today

16:43   **Missed Call**

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

    

# **EXHIBIT 5**

# **EXHIBIT 5**

 Gmail

Jorge Rojas <rojas.jorge96@gmail.com>

## limpia mi credito
1 message

**Efren Lugo** <elugo@sancobusiness.com>                    Thu, Dec 2, 2021 at 4:46 PM
To: "rojas.jorge96@gmail.com" <rojas.jorge96@gmail.com>



**MicrosoftTeams-image (5).png**
65K



# __EXHIBIT 6__

# __EXHIBIT 6__

Gmail - limpia mi credito                                              12/2/21, 8:27 PM

 **Gmail**

Jorge Rojas <rojas.jorge96@gmail.com>

## limpia mi credito
1 message

**Efren Lugo** <elugo@sancobusiness.com>                    Thu, Dec 2, 2021 at 4:51 PM
To: "rojas.jorge96@gmail.com" <rojas.jorge96@gmail.com>

https://www.facebook.com/LimpiaMiCredito