## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JORGE ALEJANDRO ROJAS, | Case No. 1:21-CV-06465 |
| *Plaintiff,* | |
| vs. | **FIRST AMENDED COMPLAINT FOR DAMAGES** |
| SANCO BUSINESS SOLUTIONS LLC, LUZ ELENA AMADOR, | |
| *Defendants* | |

Plaintiff, Jorge Alejandro Rojas, brings this action against Defendants Sanco Business Solutions LLC ("Sanco") and Luz E Amador[1], and alleges based on personal knowledge and information and belief, as follows:

### INTRODUCTION

1. As the Supreme Court has explained, "Americans passionately disagree about many things. But they are largely united in their disdain for robocalls. The government receives a staggering number of complaints about robocalls—3.7 million complaints in 2019. The States likewise field a constant barrage of complaints. For nearly 30 years, representatives in Congress have been fighting back. As relevant here, the Telephone Consumer Protection Act of 1991, known as the "TCPA", generally prohibits robocalls to cell phones and home phones." *Barr v. Am. Ass'n of Political Consultants*, 140 S. Ct. 2335, 2343 (2020).

---

[1] Plaintiff amends the complaint (Dkt. 1) pursuant to Fed. R. Civ. P. 15(a)(1)(A) and adds Defendant Luz Elena Amador to this action.

2. Plaintiff brings this action against Defendants for violations of the TCPA, 47 U.S.C. § 227, its implementing regulations, 47 C.F.R § 64.1200, the Illinois Telephone Solicitations Act ("ILTSA"), 815 ILCS 413, and the Illinois Automatic Telephone Dialers Act, 815 ILCS 305.

3. This case involves a campaign by Sanco, and its member Luz E. Amador, to obtain business via itself or affiliates making telemarketing calls, regarding credit repair services, despite not having the required consent to contact Plaintiff.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over the TCPA claims in this action under 28 U.S.C. § 1331.

5. This Court has personal jurisdiction over Defendants as it regularly and systemically conducts business in the state of Illinois. The wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District. Plaintiff resides within this district and was within the district when the calls were made.

6. This Court has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper under 28 U.S.C. § 1391(b)(2).

**PARTIES**

8. Plaintiff Jorge Alejandro Rojas is a natural person residing in Bolingbrook, IL 60440, and is a citizen of the State of Illinois.

9. Defendant Sanco Business Solutions LLC is a California Domestic LLC with its registered agent of Luz E. Amador located at the address of its principal executive officers of 9431

Haven Ave Ste 232 Rancho Cucamonga, CA 91730. Sanco Business Solutions LLC was operating "LimpiaMiCredito.com."

10. Between some point in late 2020 and early 2021, Defendant Sanco was changed by the California Secretary of State to a status of "SUSPENDED" due to failure to comply with its tax and/or secretary of state filing obligations.

11. Defendant Luz Elena Amador is a member of Sanco Business Solutions LLC, and is located at 9431 Haven Ave Ste 232 Rancho Cucamonga, CA 91730.

12. Defendants are each a person as defined by 47 U.S.C. § 153(39).

13. Defendants acted through its agents, affiliates, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and/or insurers.

## STATUTORY BACKGROUND

14. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

15. The TCPA regulates, among other things, the use of automated dialing systems.

16. The TCPA makes it unlawful to make calls to any cellular or residential line using an artificial or prerecorded voice, without the call recipient's prior express consent. *See* 47 U.S.C. § 227(b); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 F.C.C. Rcd. 1830, 1844 (2012)

17. 47 U.S.C. § 227(a)(1) defines an automatic telephone dialing system ("ATDS") as equipment having the capacity (A) To store or produce telephone numbers to be called using a random or sequential number generator; and (B) To dial such numbers.

18. The TCPA provides a private cause of action to persons who receive such calls. *See* 47 U.S.C. § 227(b)(3).

19. In 2013, the FCC required prior express written consent for all autodialed or prerecorded telemarketing calls ("robocalls") to wireless numbers and residential lines. It ordered that:

    [A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received "clear and conspicuous disclosure" of the consequences of providing the requested consent, i.e., that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates.[] In addition, the written agreement must be obtained "without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.[]"

    In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991, 27 F.C.C. Rcd. 1830, 1844 (2012) (footnotes omitted).

20. The TCPA applies to the "initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person." 47 U.S.C. § 227(a)(4).

21. In Illinois, the Automatic Telephone Dialers Act ("ATDA") prohibits "play[ing] a prerecorded message placed by an autodialer without the consent of the called party". 815 ILCS 305/30(b).

22. In Illinois, an Autodialer "means any telephone dialing or accessing device, machine, computer or system capable of storing telephone numbers which is programmed to sequentially or randomly access the stored telephone numbers in order to automatically

connect a telephone with a recorded message, the term does not include any device associated with a burglar alarm system, voice message system or fire alarm system." 815 ILCS 305/5.

23. In Illinois, the ATDA prohibits the operation of an auto dialer in a manner that impedes Caller ID. 815 ILCS 305/15.

24. In Illinois, the ATDA provides a private right of action of $500 per violation. 815 ILCS 305/30.

## **FACTUAL ALLEGATIONS**

25. At all times relevant hereto, Plaintiff maintained and used a residential telephone line, with phone number (424) XXX-1582.

26. Plaintiff's phone number is not associated with a business and is used by Plaintiff solely.

27. Plaintiff is the account holder and customary user of his phone number.

28. Plaintiff registered his phone number on the Federal Do Not Call Registry on or around January 18, 2008. **Exhibit 1.**

29. Plaintiff registered his phone number on the Do Not Call list in order to obtain solitude from invasive and harassing telemarketing calls. The calls prevented Plaintiff from using his phone for legitimate purposes.

30. Defendant Sanco claims it "provides working capital and merchant services to small and medium sized businesses as [it's] primary focus. [It's] call center services continue to expand. [It's] nearshore call center provides customer service as well as lead screening with experience primarily in the mortgage sector." LinkedIn of Eduardo Sandoval, CEO of Sanco. https://www.linkedin.com/in/eduardo-sandoval-b9740113/ (last visited December 2, 2021).

31. Defendant Sanco's Twitter states it provides call center and telemarketing services. https://twitter.com/sancobusiness (last visited December 2, 2021).

32. **Call 1.** On December 2, 2021, at 4:37 PM Chicago Time, Plaintiff received a telephone call from a phone number of 760-854-7166. **Exhibit 2.**

33. When Plaintiff picked up the phone, he heard a beep, followed by a pause, followed by someone on the other end stating their name was "Marco" who worked for "Impacto Hispano." The conversation was in Spanish, and Marco stated that they had called in the past, and that they wanted to discuss credit repair services.

34. Plaintiff, interested in the services, was connected eventually to a "Efren Lugo" who stated he worked for "LimpiaMiCredito."

35. Between the time Marco connected Plaintiff to Efren, hold music was playing, and Marco cited technical difficulties with the transfer. Each time he would re-attempt the transfer, Plaintiff would receive another phone call on call waiting.

36. Call 1 lasted 14 minutes.

37. **Call 2.** While Call 1 was in progress and Marco was attempting to transfer Plaintiff, Plaintiff received a call from an Unknown Caller with no Caller ID, at 4:39 PM Chicago Time. **Exhibit 3.**

38. **Call 3.** While Call 1 was in progress and Marco was attempting to transfer Plaintiff, Plaintiff received a call from 424-371-6409 with no Caller ID, at 4:43 PM Chicago Time. **Exhibit 4.**

39. Each of the three above calls were made by Defendants for the purpose of soliciting their services of credit repair or credit consolidation.

40. Marco admitted during Call 1 that previous calls were made.

41. Defendants masked their telephone number to not reveal its true telephone number.

42. During Call 1, Plaintiff had Defendants send Plaintiff an email with their contact information. **Exhibit 5.**

43. The email that came identified a company website of "limpiamicredito.com" which at the time of the email was not in operation, and Efren stated that it would be fixed the next day.

44. Efren later emailed Plaintiff a copy of its Facebook page URL. **Exhibit 6.**

45. When Plaintiff asked Efren why the email domain was coming from "Sanco," Efren stated that Sanco was the call center where the calls were being made from.

46. After the calls were completed, Plaintiff re-dialed the 760-854-7166 phone number that called him, where he was met with a greeting that said "Thanks for your patience" followed by hold music indefinitely. Defendants forged their caller ID.

47. After the calls were completed, Plaintiff re-dialed the 424-371-6409 phone number that called him, where he was met with the interactive prompts for an apartment complex he is not and has never been associated with. Defendants forged their caller ID.

48. To the extent the individual or organization that called Plaintiff, prior to connecting him to Efren, is not a Sanco employee, Plaintiff alleges liability against that entity as well, although Sanco is also directly and vicariously liable for the call.

49. After the filing of the Complaint (Dkt. 1), Plaintiff conducted additional research considering Defendant Sanco, and discovered that at some point between July 2020 and January 2021, Sanco was changed from an Active LLC to a Suspended LLC. **Exhibit 7**.

50. A search of the California Secretary of State database confirms Defendant Sanco remains a suspended entity as of this filing. **Exhibit 8.**

51. Notwithstanding the fact that Defendant Sanco was not legally authorized to operate a business, it nevertheless operates a call center in California that engages in telemarketing.

52. Defendant Luz Elena Amador is a member of Sanco and is liable for the actions of the LLC, considering that the LLC is not able to legally function since it has been suspended.

53. Amador was involved in the operations of Sanco, including directing and overseeing employees to operate in violation of the TCPA and Illinois telemarketing laws.

54. Amador had knowledge of the fact that Sanco was violating the TCPA and Illinois telemarketing laws along with the ability to control the actions to stop them.

55. Amador was aware of the Suspended status and nevertheless continued to operate a business.

56. It is appropriate for Amador to be named in this action given the nature of the suspension, and the only way in which a corporation can act is through the people who make decisions and act on its behalf.

57. Defendant Sanco is merely a corporate shell, illegally operating, in an effort to disguise individual defendants from liability for their unlawful telemarketing strategies.

58. Piercing the corporate veil is appropriate in this case given that Defendant Sanco is unable to defend itself in court given its suspended status and make sure that the people who designed and profited from the telemarketing calls are held accountable for their actions.

59. Plaintiff alleges that Defendants trains its affiliates to avoid divulging too much information to leads and customers in an effort to evade TCPA liability.

60. Defendants' calls to Plaintiff utilized an automatically generated and/or pre-recorded voice.

61. Defendants' phone calls utilized an Automatic Telephone Dialing System (ATDS) without obtaining Plaintiff's prior express written consent.

62. Plaintiff did not have a prior business relationship with the affiliate.

63. Defendants did not have any consent to call Plaintiff.

64. Defendants are not an organization exempt from the TCPA.

65. Defendants' calls to Plaintiff were a "telephone solicitation" as defined by the TCPA.

66. Defendants' calls to Plaintiff were an "unsolicited advertisement" as defined by the TCPA.

67. Upon information and belief, Plaintiff received additional calls from Defendants and its affiliates not included above.

68. Defendants' made further efforts to conceal their identity by transmitting a deceptive telephone number with a local area telephone codes to Plaintiff's telephone caller identification ("Neighbor Spoofing"). Neighbor Spoofing is done as a way to deceive the called party into believing the telemarketer is a local person or business, increasing the likelihood that the telemarketing call will be answered.

69. The impersonal and generic nature of Defendants' calls demonstrate that Defendants utilized an Automatic Telephone Dialing System (ATDS) and/or a pre-recorded voice in making the calls.

70. In total, Defendants and/or its affiliates placed at least four (4) telephone solicitation calls to Plaintiff. Specifically, the three identified above, plus at least one additional one which Marco stated took place.

71. As a result of the foregoing, Plaintiff experienced frustration, annoyance, irritation and a sense that his privacy has been invaded by Defendants.

72. Defendants have a pattern and/or practice of failing to comply with the TCPA, the IL Telephone Solicitations Act, and the IL Automatic Telephone Dialers Act.

73. The foregoing acts and omissions were in violation of the TCPA, the Illinois Telephone Solicitations Act, and the Illinois Automatic Telephone Dialers Act.

74. The TCPA prohibits placing calls using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the calling has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

75. As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff is entitled to treble damages of up to $1,500.00 for each and every call made in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

76. The acts and omissions of Defendants constitute knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

77. Plaintiff seeks injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

78. Plaintiff is also entitled to an award of costs.

79. Defendants' calls were not made for "emergency purposes."

80. Defendants' calls to Plaintiff were made without any prior express written consent.

81. Defendants contacted Plaintiff even though Plaintiff was on the Do Not Call Registry, another violation of the TCPA and its implementing regulations.

82. Defendants' acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

83. The acts and/or omissions of Defendants were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

84. As a result of the above violations of the TCPA, Plaintiff has suffered losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

85. Plaintiff, in discovery will better identify how many telephone calls were made by Defendants and or its agents or affiliates, and requests leave to amend the complaint after identifying the instance count.

## COUNT 1.
### Violation of the TCPA's Automated Telemarketing Call Provisions, 47 U.S.C. § 227(b)(1)

86. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

87. Defendants or one of its affiliates or vendors called Plaintiff's cellular telephone using an "automatic telephone dialing system" and/or a pre-recorded voice as defined by the TCPA on at least four (4) occasions in violation of 47 U.S.C. § 227(b)(1), without Plaintiff's prior express written consent.

88. Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(b)(3)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for each.

89. Plaintiff was further statutorily damaged because Defendants willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(b)(3)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and or separately, in an amount of $6,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 2.
### Initiating A Telephone Solicitation To A Telephone Subscriber Who Has Registered His Number On The Do-Not-Call List At Least 31 Days Prior To The Telephone Call. 47 C.F.R. § 64.1200(C)(2)

90. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

91. Plaintiff's telephone number has been registered on the Federal Do Not Call Registry since at least 30 days prior to the calls described above.

92. Defendant called Plaintiff's telephone at least four (4) times after Plaintiff's telephone had been registered on the Do Not Call Registry for at least 31 days before Defendant's calls, in violation of 47 C.F.R. § 64.1200(c)(2).

93. Plaintiff was statutorily damaged at least four (4) times under 47 U.S.C. § 227(c)(5)(B) by the Defendant by the telephone calls described above, in the amount of $500.00 for each of the four (4) telephone calls.

94. Plaintiff was further statutorily damaged because Defendant willfully or knowingly violated this subsection of the TCPA. Plaintiff requests that the court treble the damage amount as permitted under 47 U.S.C. § 227(c)(5)(C) for these willful or knowing violations.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and or severally, in an amount of $6,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 3.

<u>Violations of The Illinois Telephone Solicitations Act, 815 ILCS 413</u>

95. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

96. The Illinois Telephone Solicitations Act, inter alia, prohibits the making of a call in a manner which impedes the function of caller ID. 815 ILCS 413/15(c).

97. The Illinois Telephone Solicitations Act allows for the recovery of three times the actual damages assessed for a violation of the Act.

98. Each call Defendants made impeded the function of caller ID by utilizing a fake or blocked phone number.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and or severally, in an amount of three times actual damages plus costs and any other remedy deemed appropriate.

**<u>COUNT 4.</u>**
<u>Violations of the Illinois Automatic Telephone Dialers Act ("ATDA"), 815 ILCS 305</u>

99. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

100. Defendants did not have the consent of Plaintiff to call him using a system capable of performing the functions of an autodialer.

101. Nonetheless, Defendants or one of its affiliates or vendors did.

102. The ATDA allows for the recovery of statutory damages of $500 per call.

103. Defendants violated the ATDA each time it called Plaintiff, for a total of four (4) times.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and or severally, in an amount of $2,000.00 plus costs and any other remedy deemed appropriate.

## COUNT 5.
### Violation concerning Policies Related to Telemarketing, 47 C.F.R. § 64.1200(d)

104. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

105. The TCPA's implementing regulations require that callers have written policies, train people engaged in telemarketing, maintain proper records, and properly identify themselves.

106. Defendants violated this provision by failing to properly train its employees concerning the consent required for telemarketing calls, and for failing to properly identify themselves during the initial telephone call. Specifically, Marco stated he worked for "Impacto Hispano" but instead was working on behalf of Sanco.

107. Plaintiff was statutorily damaged at least one (1) time under 47 U.S.C. § 227(c)(5)(B) by the Defendants by the telephone calls described above, in the amount of $500.00 for the telephone call Plaintiff answered.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and or severally, in an amount of $500.00 plus costs and any other remedy deemed appropriate.

## COUNT 6.
### Violation concerning ring count, 47 C.F.R. § 64.1200(a)(6)

108. Plaintiff incorporates the foregoing paragraphs as through the same were set forth at length herein.

109. The TCPA's implementing regulations prohibit the disconnection of an unanswered telemarketing call prior to 15 seconds or 4 rings. 47 C.F.R. § 64.1200(a)(6).

110. Defendants' Calls 2 and 3, made during the course of Call 1, which were made while Marco was connecting the call to Efren, were disconnected before 15 seconds or 4 rings.

111. Defendants therefore violated this regulation of the TCPA at least twice, which entitles Plaintiff to $500 per violation.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor and against, Defendants, jointly and or severally, in an amount of $1,000.00 plus costs and any other remedy deemed appropriate.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in favor of him and against Defendants, jointly and or severally, in an amount to be more fully determined at trial, but at least $15,500.00 as permitted by statute, as follows:

A. All actual damages Plaintiff suffered;

B. Statutory damages of $500.00 per call for each and every violation of 47 U.S.C. § 227(b);

C. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(b)(3)(C).

D. Statutory damages of $500.00 per call for each and every violation pursuant to 47 U.S.C. § 227(c)(5)(B);

E. Treble damages of $1,500.00 per call for each violation determined to be willful and/or knowingly pursuant to 47 U.S.C. § 227(c)(5)(C);

F. Triple actual damages under the Illinois Telephone Solicitations Act for impeding the function of caller identification;

15

G. Statutory damages of $500 per call for violation of the Illinois Automatic Telephone Dialers Act;

H. Statutory damages of $500 per call in violation of 47 C.F.R. § 64.1200(d);

I. Statutory damages of $500 per call in violation of 47 C.F.R. § 64.1200(a)(6);

J. All reasonable attorneys' fees, witness fees, court costs, interest, and other litigation costs incurred by Plaintiff;

K. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

L. Leave to amend this Complaint to conform to the evidence presented at trial; and

M. Any other relief this Court deems proper.

Respectfully submitted,

Dated: December 7, 2021

/s/ Jorge Alejandro Rojas

Jorge Alejandro Rojas
557 Cambridge Way
Bolingbrook, IL 60440
Rojas.jorge96@gmail.com
424-219-1582
Plaintiff in *Pro Se*

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of this filing will be served on each unrepresented party via service of process.

/s/ Jorge Alejandro Rojas

# EXHIBIT 1

# EXHIBIT 1

Case: 1:21-cv-06465 Document #: 5 Filed: 12/07/21 Page 18 of 34 PageID #:49

 Gmail

Jorge Rojas <rojas.jorge96@gmail.com>

## National Do Not Call Registry - Your Registration Is Confirmed

**Verify@donotcall.gov** <Verify@donotcall.gov>                    Fri, Jun 18, 2021 at 12:15 PM
To: rojas.jorge96@gmail.com

Thank you for registering your phone number with the National Do Not Call Registry. You successfully registered your phone number ending in 1582 on January 18, 2008. Most telemarketers will be required to stop calling you 31 days from your registration date.

Visit https://www.donotcall.gov  to register another number or file a complaint against someone violating the Registry.

**************************************************************************************************************

Please do not reply to this message as it is from an unattended mailbox. Any replies to this email will not be responded to or forwarded. This service is used for outgoing emails only and cannot respond to inquiries.

# EXHIBIT 2

# EXHIBIT 2



# Scam Likely

+1 (760) 854-7166
Palo Verde, CA

    

message  call  video  mail  pay

**Today**

16:37  **Incoming Call**
14 minutes

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

    

# EXHIBIT 3

# EXHIBIT 3



 Recents



# Unknown Caller

unknown

    

Today

16:39 **Missed Call**

    

Favorites   Recents   Contacts   Keypad   Voicemail

# EXHIBIT 4

# EXHIBIT 4



+1 (424) 371-6409
Los Angeles, CA

 message   call   video   mail   pay

Today
16:43  **Missed Call**

Share Contact

Create New Contact

Add to Existing Contact

Add to Emergency Contacts

Share My Location

Block this Caller

    

# EXHIBIT 5

# EXHIBIT 5

Gmail - limpia mi credito                                                                                    12/2/21, 8:26 PM

 Gmail                                                         Jorge Rojas <rojas.jorge96@gmail.com>

## limpia mi credito
1 message

**Efren Lugo** <elugo@sancobusiness.com>                                           Thu, Dec 2, 2021 at 4:46 PM
To: "rojas.jorge96@gmail.com" <rojas.jorge96@gmail.com>

  **MicrosoftTeams-image (5).png**
65K





**EFREN LUGO**

**Asesor Financiero**

Office: (866) 329 1931
Personal: (714) 481-3425

elugo@sancobusiness.com
www.limpiamicredito.com

9431 Haven Avenue, Suite
#232, Rancho Cucamonga
CA 91730 USA

# EXHIBIT 6

# EXHIBIT 6

 **Gmail**

Jorge Rojas <rojas.jorge96@gmail.com>

## limpia mi credito
1 message

**Efren Lugo** <elugo@sancobusiness.com>                                              Thu, Dec 2, 2021 at 4:51 PM
To: "rojas.jorge96@gmail.com" <rojas.jorge96@gmail.com>

https://www.facebook.com/LimpiaMiCredito

# **EXHIBIT 7**

# **EXHIBIT 7**

Learn how to leverage transparent company data at scale. Subscribe to our emails

# opencorporates

The Open Database Of The Corporate World

[        ]  Search

🔘 Companies  ⚪ Officers

- Log in/Sign up

# Events for SANCO BUSINESS SOLUTIONS LLC

On 2011-12-28
  Incorporated
Between 2011-12-28 and 2019-02-19
  Addition of officer LUZ ELENA AMADOR, agent
Between 2011-12-28 and 2020-07-27
  Addition of officer LUZ E AMADOR, agent
Between 2020-07-27 and 2021-01-15
  Became inactive
Between 2020-07-27 and 2021-01-15
  Change of status from 'Active' to 'Ftb Suspended'
Between 2020-07-27 and 2021-01-15
  Removal of officer LUZ ELENA AMADOR, agent
Between 2021-01-15 and 2021-04-30
  Change of status from 'Ftb Suspended' to 'Franchise Tax Board (Ftb) Suspended/Forfeited'

## About us

- About
- Blog
- Team
- Governance
- Jobs

## Using our data

- Our data

# EXHIBIT 8

# EXHIBIT 8

**Dr. Shirley N. Weber**
**California Secretary of State**

 Business Search - Entity Detail

The California Business Search is updated daily and reflects work processed through Monday, December 6, 2021. Please refer to document **Processing Times** for the received dates of filings currently being processed. The data provided is not a complete or certified record of an entity. Not all images are available online.

### 201136310058     SANCO BUSINESS SOLUTIONS LLC

| | | |
|---|---|---|
| **Registration Date:** | 12/28/2011 | *This entity is not eligible for online records requests. To order a Certificate of Status, please complete and return the* |
| **Jurisdiction:** | CALIFORNIA | |
| **Entity Type:** | DOMESTIC | |
| **Status:** | FTB SUSPENDED | |
| **Agent for Service of Process:** | LUZ E AMADOR | ***Business Entities Records Order Form*** |
| | 9431 HAVEN AVE STE 232 | |
| | RANCHO CUCAMONGA CA 91730 | |
| **Entity Address:** | 9431 HAVEN AVE STE 232 | |
| | RANCHO CUCAMONGA CA 91730 | |
| **Entity Mailing Address:** | 9431 HAVEN AVE STE 232 | |
| | RANCHO CUCAMONGA CA 91730 | |
| **LLC Management** | Member Managed | |

| Document Type | File Date | PDF |
|---|---|---|
| SI-COMPLETE | 01/15/2020 | |
| SI-COMPLETE | 12/16/2016 | |
| REGISTRATION | 12/28/2011 | |

* Indicates the information is not contained in the California Secretary of State's database.

**Note:** If the agent for service of process is a corporation, the address of the agent may be requested by ordering a status report.

- For information on checking or reserving a name, refer to **Name Availability**.
- If the image is not available online, for information on ordering a copy refer to **Information Requests**.
- For information on ordering certificates, status reports, certified copies of documents and copies of documents not currently available in the Business Search or to request a more extensive search for records, refer to **Information Requests**.
- For help with searching an entity name, refer to **Search Tips**.
- For descriptions of the various fields and status types, refer to **Frequently Asked Questions**.

[ Modify Search ]   [ New Search ]   [ Back to Search Results ]



**Secretary of State**
**Statement of Information**
(Limited Liability Company)

| LLC-12 |

20-A24215

# FILED

In the office of the Secretary of State
of the State of California

**JAN 15, 2020**

**This Space For Office Use Only**

**IMPORTANT —** Read instructions **before completing this form.**

**Filing Fee – $20.00**

**Copy Fees –** First page $1.00; each attachment page $0.50;
Certification Fee - $5.00 plus copy fees

---

**1. Limited Liability Company Name** (Enter the exact name of the LLC. If you registered in California using an alternate name, see instructions.)

SANCO BUSINESS SOLUTIONS LLC

---

**2. 12-Digit Secretary of State File Number**

201136310058

**3. State, Foreign Country or Place of Organization** (only if formed outside of California)

CALIFORNIA

---

**4. Business Addresses**

| | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| a. Street Address of Principal Office - Do not list a P.O. Box<br>9431 HAVEN AVE STE 232 | RANCHO CUCAMONGA | CA | 91730 |
| b. Mailing Address of LLC, **if different than item 4a**<br>9431 HAVEN AVE STE 232 | RANCHO CUCAMONGA | CA | 91730 |
| c. Street Address of **California** Office, if Item 4a is not in California - Do not list a P.O. Box<br>9431 HAVEN AVE STE 232 | RANCHO CUCAMONGA | CA | 91730 |

---

**5. Manager(s) or Member(s)**

If no **managers** have been appointed or elected, provide the name and address of each **member**. At least one name **and** address must be listed. If the manager/member is an individual, complete Items 5a and 5c (leave Item 5b blank). If the manager/member is an entity, complete Items 5b and 5c (leave Item 5a blank). Note: The LLC cannot serve as its own manager or member. If the LLC has additional managers/members, enter the name(s) and addresses on Form LLC-12A (see instructions).

| a. First Name, if an individual - Do not complete Item 5b | Middle Name | Last Name | Suffix |
|---|---|---|---|
| LUZ | E | AMADOR | |

b. Entity Name - Do not complete Item 5a

| c. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 9431 HAVEN AVE STE 232 | RANCHO CUCAMONGA | CA | 91730 |

---

**6. Service of Process** (Must provide either Individual OR Corporation.)

**INDIVIDUAL** – Complete Items 6a and 6b only. Must include agent's full name and California street address.

| a. California Agent's First Name (if agent is **not** a corporation) | Middle Name | Last Name | Suffix |
|---|---|---|---|
| LUZ | E | AMADOR | |

| b. Street Address (if agent is **not** a corporation) - **Do not enter a P.O. Box** | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 9431 HAVEN AVE STE 232 | RANCHO CUCAMONGA | CA | 91730 |

**CORPORATION** – Complete Item 6c only. Only include the name of the registered agent Corporation.

c. California Registered Corporate Agent's Name (if agent is a corporation) – Do not complete Item 6a or 6b

---

**7. Type of Business**

a. Describe the type of business or services of the Limited Liability Company

COMMISION

---

**8. Chief Executive Officer, if elected or appointed**

| a. First Name | Middle Name | Last Name | Suffix |
|---|---|---|---|
| LUZ | E | AMADOR | |

| b. Address | City (no abbreviations) | State | Zip Code |
|---|---|---|---|
| 9431 HAVEN AVE STE 232 | RANCHO CUCAMONGA | CA | 91730 |

---

**9. The Information contained herein, including any attachments, is true and correct.**

| 01/15/2020 | LUZ E AMADOR | MEMBER | |
|---|---|---|---|
| Date | Type or Print Name of Person Completing the Form | Title | Signature |

**Return Address (Optional)** (For communication from the Secretary of State related to this document, or if purchasing a copy of the filed document enter the name of a person or company and the mailing address. This information will become public when filed. SEE INSTRUCTIONS BEFORE COMPLETING.)

Name:

Company:

Address:

City/State/Zip:

---

LLC-12 (REV 01/2017)

Page 1 of 1

2017 California Secretary of State
www.sos.ca.gov/business/be