**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JORGE ALEJANDRO ROJAS, <br><br> *Plaintiff,* <br><br> vs. <br><br> SANCO BUSINESS SOLUTIONS LLC, LUZ ELENA AMADOR, and EDUARDO IGNACIO SANDOVAL aka EDDIE SANDOVAL <br><br> *Defendants* | Case No. 1:21-CV-06465 <br><br> Judge Franklin U. Valderrama <br><br> **PLAINTIFF'S MOTION TO APPROVE ALTERNATE SERVICE AS TO DEFENDANT SANDOVAL AND ISSUANCE OF SUBPOENA** |

Plaintiff, Jorge Alejandro Rojas, proceeding pro se, pursuant to Federal Rules of Civil Procedure 4(e) and 45 moves this Court to enter an order approving an alternate form of service on Defendant Eduardo Ignacio Sandoval also known as Eddie Sandoval ("Sandoval"), and the issuance of a subpoena, and in support thereof states as follows:

1. On January 21, 2022, Plaintiff filed a Second Amended Complaint ("SAC"), Dkt. 16, following the Court's granting of a Motion to Amend, Dkt. 15. The SAC added a party of Eduardo Ignacio Sandoval, also known as Eddie Sandoval. This action challenges Defendants telemarketing practices under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, its implementing regulations, and various state laws.

2. Plaintiff's SAC alleges Mr. Sandoval has a significant role in the operations of Defendant Sanco's business. Mr. Sandoval is one of the individuals Plaintiff has communicated with, in writing, concerning this case. Notably, Mr. Sandoval e-mailed Plaintiff within two hours

1

– using the e-mail thread Plaintiff sent service via alternate means as to Sanco and Amador – of Sandoval and Amador being served via traditional service of process.

3.  Plaintiff previously moved for an order granting alternate service as to Defendants Sanco and Amador in this case (Dkt. 8), which the Court granted (Dkt. 11), along with a subpoena seeking address records from the landlord where the registered agent for Sanco was previously located to help identify additional addresses for Defendants Sanco and Amador.

4.  As part of that alternate service, the Court authorized Plaintiff serve Defendants Sanco and Amador at an e-mail addresses identified in a Facebook page for Defendant, and an e-mail from Defendant Sanco's domain name that has previously emailed Plaintiff.

5.  Following service via alternate means, Plaintiff identified an additional address for Defendants Sanco and Amador, and served them via regular process.

6.  Within two hours of serving Defendants Amador and Sanco via regular process, Sandoval, who was emailed a copy of the service documents to his e-mail of eddie@sancobusiness.com, e-mailed Plaintiff, stating, "We are in the process of closing our business. [redacted] is the best we could offer. Not sure of the entire situation to be honest. Our LLC was revoked in the state of California. We are broke my friend,."

7.  Plaintiff believes that Sandoval and Amador are siblings.

8.  Plaintiff believes that Amador contacted Sandoval following service via normal means. Following the Court's order granting alternate service, Plaintiff e-mailed the addresses in the alternate service order, along with an additional one of eddie@sancobusiness.com on January 7, 2022. No response was received. Service was performed via a process server on the new physical address found for Amador and Sanco on January 18, 2022 at 12:24 Chicago time, and Sandoval replied *using the original e-mail thread* at 2:03 PM Chicago

2

time. Amador likely contacted Sandoval following actual service. *Compare* Dkt. 12 (proof of service) *with* **Exhibit 1.**

9. After investigation, Defendant Sandoval sold his former home of 1012 Porton Dr, Calexico, CA 92231 on or about October 22, 2021. Plaintiff identified an additional address of 1023 Paulin Dr. Calexico, CA 92231 for Sandoval. Specifically, upon information and belief, Sandoval's wife, Cindy Sandoval, has a daycare facility at that home and registered a fictitious name at that address on or about November 25, 2021.

10. Plaintiff retained a process server to attempt service at the Paulin Dr. address. The process server, Irene Ramirez of Desert Legal Services, made two attempts of service on January 24, 2022. In the last attempt, she reported "spoke to Francisco he lives on front house they lived back of his house he stated Cindy [Sandoval] lived there as for Eduardo [Sandoval] he hardly saw him the house has been vacant since last Tuesday he spoke to landlord Martin told him (Francisco) they no longer live there he was having issues with them so the house is now Vacant." **Exhibit 2.**

11. Coincidentally, the vacate date of the Paulin Dr. address and the date of the service of process on Amador and Sanco coincide.

12. Plaintiff has requested the process server provide the above statement in a due diligence declaration and will file that declaration upon receipt. Plaintiff files the instant motion in an effort to allow the Court to begin considering the relief requested, particularly in light of the fact that all information Plaintiff has indicates Defendants are attempting to evade service of process in this case and are very likely in the process of hiding assets. Plaintiff has requested Defendant Sandoval provide his address and he has failed to do so.

13. Based on the events described above, Plaintiff believes Sandoval is evading service, making personal service impractical and necessitating an alternate method of service.

14. Federal Rule of Civil Procedure 4(e) permits service on an individual in a judicial district of the United States to be made by "following state law for serving a summons in an action brought in the courts of general jurisdiction in the state where the district court is located." See Fed. R. Civ. Pro. 4(e)(1).

15. Upon information and belief, Plaintiff believes that Defendant Sandoval is utilizing an internet lounge and copy center located at 302 E. 3rd St. Calexico, CA 92231 for his mail.

16. Upon information and belief, Plaintiff believes that Defendant Sandoval also has a PO Box of 9030 in Calexico, CA.

17. Illinois law permits service on individuals by personally serving the individual or by leaving a copy at the individual's residence with a person who resides there who is over the age of 13 and then mailing a copy to the individual. See 735 ILCS 5/2-203(a).

18. If service is impractical under the methods set out in 735 ILCS 5/2-203(a), "the plaintiff may move, without notice, that the court enter an order directing a comparable method of service." See 735 ILCS 5/2-203.1.

19. Similarly, California Code of Civil Procedure ("CCP") 415.20 provides as follows:

(c) Notwithstanding subdivision (b), if the only address reasonably known for the person to be served is a private mailbox obtained through a commercial mail receiving agency, service of process may be effected on the first delivery attempt by leaving a copy of the summons and complaint with the commercial mail receiving agency in the manner described in subdivision (d) of Section 17538.5 of the Business and Professions Code.

20. Subdivision (d) of Section 17538.5 of the California Business and Professions Code essentially provides a method for the commercial mail receiving agency to accept service of process, and service is deemed perfected 10 days after mailing by the commercial mail receiving agency, which has two days to do so following receipt of the documents. Therefore, a period of 33 days following receipt of the summons by the mail receiving agency would be appropriate.

21. As set forth in the instant motion and Plaintiff's previous Motion regarding alternate service as to Amador and Sanco, Plaintiff has diligently inquired as to the location of Sandoval and reasonable efforts have been unsuccessful. Defendants are attempting to evade liability in this case. Service on Defendants is impractical under 735 ILCS 2-203(a) because Sandoval has recently sold his property and is attempting to evade service of process by not providing an alternate address, and the most recent address Plaintiff has was recently vacated.

22. Plaintiff requests this Court enter an order authorizing the following for service as to Defendant Sandoval:

    a. The e-mailing of an order granting alternative service, along with a summons, and the Second Amended Complaint, to (1) eddie@sancobusiness.com, (2) elugo@sancobusiness.com, (3) info@limpiamicredito.com, and (4) hfonseca@sancobusiness.com. These addresses include the same the Court granted alternative service to previously, as well as additional relevant recipients. Plaintiff has corresponded with Sandoval using the eddie@sancobusiness.com address and it is the address on Sanco's company Facebook page.

b. The mailing via UPS Ground or comparable method of the order granting alternative service, along with a summons, and the Second Amended Complaint to Amador, who has been in communication with Sandoval.

c. The mailing of the order granting alternate service pursuant to Subdivision (d) of Section 17538.5 of the California Business and Professions Code and CCP 415.20(c) to the internet lounge and copy center located at 302 E. 3rd St. Calexico, CA 92231.

d. The mailing via first class mail postage prepaid of the order granting alternative service, along with a summons, and the Second Amended Complaint, to PO Box 9030 in Calexico, CA.

e. That service be considered completed twelve days following receipt by the 302 E. 3rd St. Calexico, CA 92231 business. Answer or responsive pleading would be due 33 days following receipt by the business.

23. Pursuant to California law, the copy center is required to mail the documents to Sandoval's address it has on file.

24. Plaintiff also requests leave of court for the issuance of a subpoena directed at the management of the internet lounge and copy center located at 302 E. 3rd St. Calexico, CA 92231 seeking any other addresses and contact information it has on file for Sandoval.

25. Plaintiff does not believe this request prejudices any party. Sanco is evidently still doing business, and so is Amador, even if not authorized to under California laws. Denying this request would have the consequence of depriving Plaintiff of his ability to pursue his claims against Defendant. Defendant Sandoval will have notice via multiple means of this litigation naming him as an individual in his individual capacity. Sandoval (along with the

other Defendants) will have plenty of opportunity to rebut Plaintiff's case so long as they choose to respond to this litigation.

26. Plaintiff proposes the filing of a status report regarding service no later than thirty calendar days following the Court's order on this motion, to the extent it is granted.

Plaintiff declares under penalty of perjury that the statements made above are true and correct to the best of Plaintiff's knowledge. Plaintiff will produce a due diligence affidavit or declaration upon receipt from the process server.

Respectfully submitted,

Dated: January 25, 2022

/s/ Jorge Alejandro Rojas

Jorge Alejandro Rojas
557 Cambridge Way
Bolingbrook, IL 60440
Rojas.jorge96@gmail.com
424-219-1582
Plaintiff in *Pro Se*

## CERTIFICATE OF SERVICE

The undersigned certifies that on January 25, 2022, a copy of this filing was sent to Defendants Luz Elena Amador and Sanco Business Solutions, LLC., via mail to 12446 Stillwater Drive, Victorville, CA 92395. Defendant Sandoval was e-mailed a copy of this filing, and is the subject of the instant motion.

/s/ Jorge Alejandro Rojas
Jorge Alejandro Rojas

# EXHIBIT 1

# EXHIBIT 1

 Gmail

# Rojas v. Sanco Business Solutions LLC - 1:21-cv-06465 - SERVICE OF PROCESS VIA ALTERNATE MEANS

**Eddie Sandoval** <eddie@sancobusiness.com>                              Tue, Jan 18, 2022 at 2:03 PM
To: Jorge Rojas <rojas.jorge96@gmail.com>

We are in the process of closing our business. ████ is the best we could offer. Not sure of the entire situation to be honest. Our LLC was revoked in the state of California. We are broke my friend,.

[Quoted text hidden]

# EXHIBIT 2

# EXHIBIT 2

 Gmail                                                **Jorge Rojas <rojas.jorge96@gmail.com>**

---

# Request to issue Summons - 1:21-cv-06465 Rojas v. Sanco Business Solutions LLC

---

**desertlegalservices** <desertlegalservices@yahoo.com>                    Mon, Jan 24, 2022 at 9:59 PM
To: Jorge Rojas <rojas.jorge96@gmail.com>

Attempted on 1/24/2022 @ 7:02pm spoke to Francisco he lives on front house they lived back of his house he stated Cindy lived there as for Eduardo he hardly saw him the house has been vacant since last Tuesday he spoke to landlord Martin told him (Francisco) they no longer live there he was having issues with them so the house is now Vacant,  please advise. Thank You

Sent from my Verizon, Samsung Galaxy smartphone
[Quoted text hidden]